IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Civ. No. 1:08-cv-0407 |
| v. | : | |
| JIMMY THOMAS MATHIS, JR. | : | Judge Sylvia H. Rambo |

# **M E M O R A N D U M**

Before the court is a Motion for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2255. (Doc. 84.) Mathis was sentenced by this court on February 9, 2010. No direct appeal was taken.

The instant motion alleges that trial counsel was incompetent because he did not take an exception to his classification as a career offender. As a result, the sentence he is serving is excessive. The motion is untimely.

Title 28 U.S.C. § 2255(f) requires that a one-year period of limitation applies and shall run from the date on which the judgment of conviction becomes final. The date the judgment became final was in March, 2010.

On the form petition supplied by the court for § 2255 petitions, at page 13 ¶ 18, appears the following:

> 18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.

Mathis has not responded to this question. He only states:

> After the withdrawal of counsel based on the assumption of nothing being meritorious, defendant accepted the outcome, until recently overviewing the case again and realized the inaccurate classification of the PSR, government and ineffectiveness of counsel.

(Doc. 84, p. 16 of 20.)

Mathis has not received any new evidence. All of the evidence he needs was in the Pre-Sentence Report initially filed in this case, which was available to him prior to sentencing and which he has had for five years.

An appropriate order will issue.

                                         s/Sylvia H. Rambo
                                         United States District Judge

Dated: December 22, 2015