IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No. 1:08-cr-0407** |
| | : | |
| **v.** | : | |
| | : | |
| **JIMMY THOMAS MATHIS, JR.** | : | **Judge Sylvia H. Rambo** |

## M E M O R A N D U M

Before the court is a motion to amend a prior 28 U.S.C. § 2255 motion.[1] (Doc. 91.) Mathis claims that there are two cases that he was not privy to when he filed his initial petition in September 2015. (*See* Doc. 84.)

The two cases are cited only as follows: 2011, *United States v. Davis* and 2013, *United States v. Simmons*; no further citation is given. (Doc. 91, p. 2.) Mathis claims these cases "was [sic] not decided, nor known before defendants current case was sentenced, and therefore, was not afforded an opportunity to direct appeal or too [sic] timely place a 2255 motion within a one year statute of limitations." (*Id.*)

Without the ability to determine if either of these two cases are applicable to Mathis's claims, his motion to amend would not make his petition timely. He is still confronted with two other sections of § 2255(f) which affect the timeliness of the filing. Section 2255(f)(3) states:

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized

---

[1] Said motion was dismissed as untimely pursuant to 28 U.S.C. § 2255(f). (Doc. 85.)

by the Supreme Court and made retroactively applicable to cases on collateral review.

Section 2255(f)(4) states:

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As noted above, this court does not know the court—Supreme Court Appellate Court, or District Court—where the cited cases were rendered. Assuming, however, the cases fell under § 2255(f)(3) and assuming an applicable decision can be deemed to be "fact(s)" under § 2255(f)(4), the motion filed on December 11, 2015 would still be untimely.

Each of these cases were decided anywhere from four years to two years before the motion of December 11, 2015.  Mathis could have petitioned the court for leave to file a motion pursuant to § 2255(f)(3) or (4), if applicable, within the one year limitation of these decisions.

The fact that these cases were not known to Mathis does not excuse his lack of diligence.

An appropriate order will issue.

                                                s/Sylvia H. Rambo  
                                                United States District Judge

Dated: January 13, 2016